BETTER WAY LIFE INSURANCE COMPANY *v.* LINDER, ADMINISTRATOR.

4-7349                                          181 S. W. 2d 467

Opinion delivered June 26, 1944.

*Gordon Armitage,* for appellant.

*Yingling & Yingling,* for appellee.

KNOX, J.   On January 17, 1940, appellee obtained a default judgment against appellant in an action based upon a policy of life insurance.

On June 22, 1943, appellant commenced this action, under authority of § 8246 of Pope's Digest, seeking to vacate such judgment on account of unavoidable casualty or misfortune, preventing it from appearing in or defending the previous action.   Demurrer to the complaint

was sustained; appellant refused to plead further; its complaint was, therefore, dismissed, and it appeals.

The complaint alleged that "on the 10th day of January, 1940, the (original) cause was set for trial on the 15th day of January, 1940; that immediately (thereafter) . . . the attorney for the defendant (appellant here) . . . notfied R. V. Marlin (president of the appellant insurance company) at his address in Versailles, Missouri, that the trial of said cause would be held on the 15th day of January; that under ordinary circumstances the defendant would have received the notice in ample time to have been present and defended said suit.

"However, due to the fact that the roads in and around Versailles . . . were impassable . . . due to an unprecedented snow . . . and no deliveries having been made by . . . mail carrier, . . . notice was not delivered to the home of . . . R. V. Marlin until the 22d day of January, and immediately forwarded to Sikeston, Mo., where it was received by him on the 24th day of January, which was the first notification that the said R. V. Marlin had of the setting of said cause for trial.

It was further alleged "that . . . R. V. Marlin . . . (was at the bedside of his mother who) was seriously ill at Sikeston, Missouri, and that as a result of her illness she died and that it would have been impossible for the said R. V. Marlin to have had the trial of the said cause due to the unavoidable casualty of the post roads in and around Versailles being impassable by reason of unprecedented snow and for the further unavoidable casualty of the illness, death and burial of the mother of the said R. V. Marlin in Sikeston, Missouri, at and after the date of the said judgment."

It was further alleged "that when the said cause came on to be heard on the 15th day of January it was reset at the request of Gordon Armitage, attorney for defendant, for the 17th day of January. At which time the default judgment was taken . . . ; that at the time the attorney for the defendant stated in open court

that he reserved the right to file a motion to set said default judgment aside within the term; that the said motion was filed and the court overruled the same without hearing any testimony thereon which defendant offered to produce and which the court refused to hear. Defendant further states that by reason of the unavoidable casualty, that is, the snow-bound mail routes, he did not receive notice of the trial of said cause, and in addition thereto the critical illness, death and burial of his mother precluded his being present at the said trial even though he had received notice, would constitute such unavoidable casualty as would require the court under law to set aside the judgment herein before set out, if there was a meritorious defense.''

The complaint then sets out allegations of fact which purport to disclose that appellant had a meritorious defense to the original action.

The demurrer to the complaint was interposed and properly sustained. The facts alleged in the complaint amount to nothing more than an explanation of why R. V. Marlin, the president of the appellant insurance company, was not personally present when the case was called for trial. No facts are alleged which show, or from which it might reasonably be inferred, that appellant insurance company was prevented from defending the action because Marlin was snowbound.

What contribution Marlin was expected to make to the defense of the action is not disclosed. Whether he was to appear as counsel, or witness, lay or expert, is not made known. Even if we assume, in the absence of allegation that he is in fact a lawyer, that he was to act as counsel, still no reason is assigned why the defense could not have been presented by able local counsel, who the record discloses had been previously employed. If his role was that of a witness, there is no showing as to what facts would have been established by him or that his testimony could not have been supplied by other witnesses. If he was to appear neither as counsel nor witness, but, as the complaint appears to suggest, merely in

his capacity as president of the company, directing the strategy of the defense, his absence might have been a "misfortune" but certainly not one which went to the extent of "preventing" the insurance company from "appearing or defending." Rarely is the defense in an insurance case "sparked" by the president of the defendant company. It quite frequently occurs that a fairly satisfactory defense is interposed on behalf of some defendant insurance company when the president thereof is not only outside the courtroom, but even thousands of miles removed from the scene of the judicial inquiry.

Appellant seeks relief under paragraph 7 of § 8246 of Pope's Digest, which clothes the trial court with power to vacate or modify" a judgment after the term "for unavoidable casualty or misfortune preventing the party from appearing or defending." The facts alleged are insufficient to afford appellant relief under the provision of that statute. The judgment is affirmed.