BETTER WAY LIFE INSURANCE COMPANY *v.* GRAVES, INSURANCE COMMISSIONER.

4-7874                                                  194 S. W. 2d 10

Opinion delivered April 22, 1946.

Rehearing denied May 20, 1946.

Appellant *pro se.*

*Guy W. Williams,* Attorney General, and *Cleveland Holland,* Assistant Attorney General, for appellee.

McHANEY, Justice. These cases were consolidated in the trial court for trial and are briefed together here. The first is a suit by appellant for mandamus against the then Insurance Commissioner to compel him to issue to it a certificate of authority to do an insurance business in this state. The second is a suit by the State on relation of her Attorney General to have appellant declared to be insolvent and for the appointment of a receiver to wind up its affairs.

Trial resulted in a judgment denying the writ of mandamus in the one, and a finding of insolvency and the appointment of a receiver in the other, and the case is here on appeal.

Appellant was organized and incorporated on December 31, 1936, under Act 137 of 1925, as a stipulated premium life insurance company, with an authorized capital stock of $50,000, of which $10,000 had been subscribed and "actually paid in cash or acceptable securities," as stated in the articles of incorporation. It appears that the articles of incorporation were filed with, examined and conditionally approved by the Insurance

Commissioner on January 4, 1937, and a certificate of authority issued to appellant, which ran to March 1, 1937, when the authority was renewed to March 1, 1938. No certificate of authority has been granted since March 1, 1938.

Act 137 of 1925 provides, in subsection "Third" of § 2, that the authorized capital stock of such companies shall not be less than $50,000, "of which twenty (20%) per cent. thereof shall be subscribed and actually paid up in cash, and be in the custody of the persons named as the first Board of Directors; . . ." As a matter of fact no part of the capital was "actually paid up in cash," and, of course, not "in the custody of the persons named as the first Board of Directors." What happened was that R. V. Marlin, the president of appellant, and subscriber to nearly all its stock, as he says, at the suggestion of the then Insurance Commissioner, caused a certain tract of land in Poinsett county, Arkansas, to be conveyed to an unmarried "straw man" who gave a note to appellant for $12,500, and secured same by a mortgage on said land, and delivered same to the Commissioner, as a compliance with the above statute. The Commissioner refused to accept it as a compliance, and made other requirements which were never met, and even though a permit was issued for 1937, either temporary or otherwise, no renewal license has ever been issued by the department, from 1938 to the present time, and so far as we are advised appellant issued only one policy of life insurance, on which it sustained a loss of $2,000 and for which judgment was rendered against it and affirmed by this court. *Better Way Life Ins. Co.* v. *Linder, Admr.*, 207 Ark. 533, 181 S. W. 2d 467. The record reflects that this judgment was settled for $1,000 by Marlin with his own funds, the company having no cash with which to pay.

We think the Commissioner of Insurance properly refused to license appellant in 1944. The only asset it ever had was said note and mortgage, if they may be said to be an asset. It had no capital paid up in cash, as the

statute specifically requires, and it had no cash with which to pay operating expenses. It is well settled that the writ of mandamus will not be granted to review the exercise of any discretion of an officer or official board, but can only be invoked to compel the officer or board to exercise such discretion. *Satterfield, Mayor, v. Fewell,* 202 Ark. 67, 149 S. W. 2d 949.

In the second case, we think the finding of insolvency and the appointment of a receiver for appellant are amply sustained by the evidence.

Section 5 of said Act 137 provides that such a company shall be deemed to be solvent if its total assets are equal to or in excess of its paid-up capital stock, plus its bills payable and any insurance claims approved for settlement or established by decision of a court of competent and final jurisdiction of this state. , If we assume that said note and mortgage paid up the $10,000 stock issued and left a surplus asset of $2,500, still appellant was insolvent when this suit was filed in 1944, because at that time there was a judgment against it for $2,000, plus costs, penalty and attorneys' fees in an amount undisclosed by this record, and bills payable of some $800 or more, in addition to its paid-up capital stock of $10,000, or a total in excess of $12,500, the amount of said note.

This is an additional reason why the Insurance Commissioner should not be required by mandamus to issue appellant a license, or his discretion be controlled by the courts.

The judgment in each case is correct and is accordingly affirmed.