MARLIN *v.* HARRISON, RECEIVER.

4-9430                                        237 S. W. 2d 24

Opinion delivered March 12, 1951.

*Alonzo D. Camp,* for appellant.

*M. J. Harrison,* for appellee.

Ed. F. McFaddin, Justice. This appeal is an attempt by appellant to surcharge the final report of the appellee, as Receiver of Better Way Life Insurance Company. Background cases to the present one are: (a) *Better Way Life Ins. Co.* v. *Linder,* 207 Ark. 533, 181 S. W. 2d 467, in which we refused to set aside a judgment rendered against the company; (b) *Better Way Life Ins. Co.* v. *Graves,* 210 Ark. 13, 194 S. W. 2d 10, in which, *inter alia,* we upheld a judgment declaring the company to be insolvent, and affirmed the appointment of a receiver; and (c) *Marlin* v. *Harrison, Receiver,* 214 Ark. 342, 216 S. W. 2d 45, in which we sustained the claims of Pennington, Brown, and Carter against the Better Way Life Insurance Company, and also sustained the right of the Receiver to foreclose a mortgage on Marlin's lands in Poinsett County.

On March 17, 1950, appellee filed in the Pulaski Circuit Court (in which the receivership was pending) his final report as Receiver of the Better Way Life Insurance Company. In this report appellee showed $10,079.29 realized from the Poinsett County mortgage foreclosure case; listed five items (totaling $5,623.84 and interest) as claims previously allowed by the Court's orders in the receivership; and listed three claims (totaling $587.80) as still pending for allowance. Appellee prayed for a reasonable fee for his services as Receiver and also for an order of distribution to close the receivership.

Thereupon, appellant Marlin filed exceptions to each of the eight claims and charged that the Receiver had been guilty of negligence in the entire proceedings to such an extent that he was entitled to no fee, and also that all of the eight claims should be charged against the Receiver, personally. On April 22, 1950, there was a hearing on the Receiver's report, and Marlin's exceptions, and a judgment was entered denying all of the said exceptions and approving—with slight modifications— the Receiver's report. From that judgment Marlin has appealed.

As to the five claims previously allowed by the Court in the receivership matter: each was heard in open court at some previous term and none of the evidence on any of the five claims is in the present bill of exceptions; so, because of the absence of the evidence—and independent of other defenses—appellant necessarily fails in his attack on each of these five claims. As to the three claims allowed by the present judgment: one was for $80 for the Receiver's bond premium; and another was for $7.80 for publication of notice. We affirm the allowance of these claims. The third claim was that of C. W. Garner, Attorney, for $500 for services rendered, at the request of Marlin, for the Better Way Life Insurance Company, in the course of the receivership. The Court allowed this claim in the amount of $250, and we affirm such allowance.

The only remaining matter is the Court's allowance of a fee of $750 to Harrison for all of his services as Receiver. This item is the one most bitterly contested by the appellant whose counsel, in the well prepared brief filed here, cites many cases and texts to support the rules: (a) that a receiver occupies a fiduciary relation and is governed by the general rules applicable to trustees; (b) that a claim to be presentable and provable in receivership must be one against the corporation or person whose property is in receivership; and (c) that if the assets of the receivership be wasted through the negligence of the receiver, then he will be personally charged with the resulting loss.

These are wise and salutary rules, but Harrison has not violated any of them: (a) in everything that he did in this case, he was faithful to the trust imposed on him; (b) this Court has put the stamp of approval[1] on the claims of Pennington, Brown, and Carter against the Better Way Life Insurance Company, so the Receiver did not wrongfully allow those claims; and (c) the Receiver has not suffered the assets of this estate to be wasted. We conclude that the fee allowed the Receiver is reasonable.

---

[1] See *Marlin* v. *Harrison, Receiver*, 214 Ark. 342, 216 S. W. 2d 45.

The judgment is affirmed and the Circuit Court is directed to make final distribution and close the receivership.

ROBINSON, J., not participating.