VANDER VORSTE, Respondent v. NORTHWESTERN NATIONAL

BANK et al., Appellants

(138 N.W.2d 411)

(File Nos. 10246, 10247. Opinion filed November 24, 1965)

**Danforth, Danforth & Johnson, T. R. Johnson,** Sioux Falls, for defendant and interveners-appellants.

**Robert L. Jones,** Sioux Falls, for plaintiff-respondent.

RENTTO, J. This litigation is an outgrowth of North Central Investment Corporation and the South Dakota Corporation v. Vander Vorste, 81 S.D. 340, 135 N.W.2d 23. In that case the plaintiffs were awarded judgment against the defendant in the sum of $74,192.50, a part of which was declared to be a fraud judgment, and granted foreclosure of a chattel mortgage executed by the defendant covering numerous motor vehicles and other

items of equipment and supplies used by him in his electrical highline construction business. In connection therewith the Northwestern National Bank, defendant herein, was appointed receiver and directed to take charge of all of Vander Vorste's property. Our decision handed down on May 10, 1965 struck out the fraud portion of the judgment.

The plaintiff brought this action in four counts against the receiver and another party. We are here concerned with only the fourth cause of action which asserted a claim against only the Northwestern National Bank. The gist of plaintiff's claim is that the bank, as receiver, took possession of certain items of his personal property temporarily stored on a tract of land in Sioux Falls and that it carelessly and negligently cared for such property causing it to be damaged resulting in a diminution of its value, and that numerous items thereof were stolen or otherwise disappeared. The North Central Investment Corporation and the South Dakota Corporation were permitted to intervene and join with the bank in resisting plaintiff's claims.

At the conclusion of all of the evidence the defendant and the interveners moved for a directed verdict which was denied, after which the issues were submitted to the jury under instructions to which the defendant and interveners made no objection. The jury found for the plaintiff on all of the issues and fixed the damages at the sum of $7100. Plaintiff's attorney thereupon filed a notice of claim for an attorney's lien upon the judgment to be entered thereon. The defendant and interveners moved for judgment notwithstanding the verdict and in the event that such were denied that the amount of the verdict or judgment entered thereon be offset against the unsatisfied judgment that the interveners had against Vander Vorste.

An order denying the motion for a judgment notwithstanding the verdict was entered on March 10, 1965. The plaintiff did not resist the application for a setoff, but did request that the setoff, if any, be applied on the fraud portion of the judgment that the interveners had secured against him and asked that the lien of his attorney for one-third of the judgment be given priority and paid first. In its ruling on this motion, also entered on March

10, 1965, the court ordered that the lien of plaintiff's attorney have priority to the judgment of the interveners against the plaintiff and that after the satisfaction of such attorney's lien, the interveners may apply the remaining portion of such judgment to the fraud portion of the interveners' judgment against the plaintiff. The defendant and interveners appeal from this order and from the judgment entered on the verdict.

■ ■ A receiver has the duty to preserve and protect the property and assets of the estate over which it has been appointed for the benefit of all persons interested. 75 C.J.S. Receivers § 168. In caring for or managing such property a receiver must use ordinary care and prudence. The standard of care required of it is that care and diligence which an ordinarily prudent man would use in caring for and handling his own property under like circumstances. If it uses such care it has fulfilled its duty as receiver and is not liable for losses which occur to the property in its charge; but when it fails to exercise this degree of care and diligence it becomes answerable for the consequences of its neglect and dereliction. 45 Am.Jur., Receivers, § 354. This is the standard of care which the jurors were instructed to apply in determining the issue of liability.

One of appellants' principal complaints is that the evidence is insufficient to warrant the finding by the jury that the receiver was negligent. The receiver took possession of the property shortly after its appointment on July 6, 1962. It consisted of a large number of trucks, trailers, vans, and many tools, supplies and other equipment. At the time the receiver took possession of the property it was stored on some vacant lots in the southwest part of Sioux Falls in what appears to be an industrial area. It remained on these lots which were unfenced, unlighted and unguarded until it was sold thereon by the receiver on July 11, 1963. Plaintiff had stored his property on these same lots for about three years before the receiver took over with only one instance of pilferage. Because he had his office on these lots someone was there every day and he maintained a yard light at night.

The plaintiff claimed that he made frequent trips to look at the property after it was taken over by the receiver. On some of these trips he observed evidence of pilferage which he reported to the receiver's trust officer. Also he was suspicious of cars which he observed driving around the property and had them reported to the trust officer together with their license plate numbers. From pictures which he took of the equipment a few months before the sale he testified in detail as to the loss of parts from and damage done to various items of the property after it was taken over by the receiver. He also testified concerning items of property which he claimed were left on the lots by him, but had disappeared before the sale.

Shortly after the receiver's appointment it had the property inspected and inventoried and in the fall of the year had antifreeze put into all of the radiators that would hold it. It also attempted to find indoor storage for the property, but concluded such was too expensive. A 24-hour guard was also considered, but rejected for the same reason. However, the trust officer admitted that he did not consider utilizing the services of a private merchant police then available in Sioux Falls and which was rendering such service to other properties in the same area; or putting a fence around the property or having the area lighted. From his testimony the jury could conclude that the receiver made no periodic observations of the equipment, but went out to see it only when the occasion arose.

■■ When the sufficiency of the evidence to sustain a verdict is urged on appeal we must view the record most favorably to the verdict. This includes the resolution of conflicts in the evidence and the inferences which can rationally be drawn therefrom. If when so viewed there is competent and substantial evidence to support the verdict then it must stand. Bentz v. Cimarron Insurance Co., 79 S.D. 510, 114 N.W.2d 96. We are satisfied that under this record the trial court was required to submit to the jury the question of the receiver's negligence and that its verdict has sufficient evidential support.

■ The appellants stress the fact that the plaintiff resisted the receiver's petition for authority to sell and thereby

was responsible for the delay in disposing of the property which they imply contributed to the pilferage and damage of which he complains. This may well be, but in doing so he was exercising a right that was his. The receiver's duty to preserve and protect the property was not thereby diminished. If it were uncertain as to how it should protect the property during this extended period it could have petitioned the court for instructions. SDC 1960 Supp. 37.2604.

It is also asserted that the court erred in granting the plaintiff leave to sue the receiver. This we think untenable. The granting of such permission is a discretionary matter and this record reveals nothing to indicate that the court abused its discretion in this regard. Clark on Receivers, Second Edition, § 534. Also there is authority to the effect that in this type of action permission to sue the receiver is not a required prerequisite. McAfee v. Bankers' Trust Co., 253 Mich. 685, 235 N.W. 807.

Another claim made by appellants is that the plaintiff had no right to bring this action because he is not a real party in interest. SDC 1960 Supp. 33.0402 provides that every action shall be prosecuted in the name of the real party in interest. This requirement is met if the one who brings the suit has a real, actual, material, or substantial interest in the subject matter of the action. 67 C.J.S. Parties § 10b. We think the plaintiff satisfies these requirements. The property involved was his, subject of course to the receivership proceedings. The amount realized on the sale would be applied to the satisfaction of the judgment against him. SDC 1960 Supp. 37.3301. While it is apparent that the proceeds of the sale would be much less than the judgment it was to his direct financial interest that the property be so preserved that when sold it would bring the maximum return, thus making smaller the amount of the judgment against him remaining unsatisfied.

Accordingly, the judgment appealed from is affirmed.

While the judgment is entitled against the bank as receiver we construe it to adjudge a liability against the receiver that is personal rather than official. Shapiro v. Goldman, 253 Mass. 60, 148 N.E. 217. When the assets in the receiver-

ship estate are wasted because of the negligence of the receiver it is personally liable for the loss resulting therefrom. Marlin v. Harrison, 218 Ark. 531, 237 S.W.2d 24; 75 C.J.S. Receivers § 190; 45 Am.Jur., Receivers, § 354. In other words, the judgment is not against the fund or property in the hands of the receiver, but binds the receiver personally. 45 Am.Jur., Receivers, § 427. However, this judgment obligation of the receiver is not owed to the plaintiff. Rather, it is an item that the receiver owes to the trust estate which he is administering. It is in the nature of a restoration of the loss suffered by the trust estate by reason of his negligence. 75 C.J.S. Receivers § 378. As such it becomes an asset of the trust estate.

██ ██ Because of the nature of this judgment it is our view that the plaintiff's attorney could have no lien thereon by virtue of SDC 1960 Supp. 32.1205. Nor are it and the judgment obtained by the interveners in the previous action against the plaintiff mutual judgments within the provisions of SDC 1960 Supp. 33.1720 permitting such judgments to be offset. It may well be that plaintiff's attorney is entitled to be compensated for his services from the property which his efforts have added to the trust and given a lien therefor, 49 A.L.R. 1149, 107 A.L.R. 749, but these are matters to be determined by the court in the receivership proceeding which is a part of the original case by these interveners against this plaintiff. 45 Am.Jur., Receivers § 285 and § 295.

It follows that the order appealed from must be reversed.

All the Judges concur.