ENGBERG, Respondent v. FORD MOTOR CO., Appellant

(205 N.W.2d 104)

(File No. 11012. Opinion filed March 8, 1973)

Woods, Fuller, Shultz & Smith and H. L. Fuller, Sioux Falls, for defendant and appellant.

Whiting, Lynn, Jackson, Shultz, Ireland & Lebrun, and Melvin D. Wedmore, Rapid City, for plaintiff and respondent.

WINANS, Justice.

The plaintiff, Frances J. Engberg, brought this action against the defendant, Ford Motor Company[1], to recover damages for

---

1. Oines Motor Company of Brookings, S.D., was also originally named as a party defendant. Prior to trial, however, Oines Motor Company was dismissed as a party defendant to the action.

the death of her husband, Laurel A. Engberg. In her complaint, the plaintiff alleged that her husband's death was caused by defects in a seat belt of the automobile manufactured by the defendant. The case was tried to a jury on theories of negligence, strict liability, and breach of warranty. The jury resolved the issues in favor of the plaintiff and assessed the damages at $15,000. Judgment was entered in accordance with their verdict and the defendant has appealed.

Viewing the record in the light most advantageous to the plaintiff-respondent, as we must, the following facts appear: On or about October 1, 1965, the decedent, Laurel Engberg, purchased a new Ford station wagon from Oines Motor Company of Brookings. Two weeks later, the decedent was involved in a fatal accident just outside of Rapid City. The decedent was alone in his automobile at the time and there were no other cars involved in the accident. The precise cause of the accident was never determined. The evidence indicated that the station wagon left the highway and rolled in the ditch for a considerable distance. The evidence further disclosed that the decedent's body was found on the ground about midway between the place where the vehicle started to roll and where it finally came to a stop. The seat belt on the driver's side was found buckled but broken and there was no evidence of blood inside the car. Moreover, the driver's compartment of the station wagon remained essentially intact after the accident.

At the trial, the plaintiff through expert testimony introduced evidence that the design of the seat belt was defective and that said defect was the proximate cause of the decedent's death. The plaintiff called as a witness Dr. V. R. Nelson, a professor of physics, who has had a considerable amount of experience in accident reconstruction. Dr. Nelson testified that the seat belt severed in this case because the boot and belt were rubbing on the frame of the seat causing them to give way under the pressure of less than expectable force. He also stated that in his opinion, the design of the assembly and the installation of the belt was improper to prevent the rubbing that caused the severance. He further testified, over the defendant's objection, that the absence of internal damage to the vehicle indicated that the fatal injury

occurred outside of the car and that had the seat belt remained intact and the decedent remained inside the car, the amount of injury would have been minor.

The plaintiff also called as a witness the Pennington County coroner, George Behrens, who had investigated the accident. Behrens testified that the cause of the decedent's death was a basal skull fracture secondary to a crushed chest. Over the defendant's objection, he concluded that the fatal injury occurred when the decedent struck his head on the ground after being ejected from the station wagon.

Adolph Lee, an assistant professor of mechanical engineering at the University of Minnesota, was qualified as an expert witness by the defendant. In contrast with Dr. Nelson's opinion, Lee testified that the boot and seat belt could not in any way come into contact with the frame of the seat. Lee also testified that based upon the type and location of the cut, it was his opinion that the seat belt had been severed by the metal capsule that ties together the wires of the seat and that the capsule had been moved from where it was originally installed by the manufacturer.

Other evidence significant to this appeal suggested that the decedent had failed to properly adjust his seat belt prior to the accident. From pictures of the severed seat belt, one of the defendant's witnesses reconstructed the length of the decedent's seat belt as it was adjusted at the time of the accident. In a car with seats and seat belts identical to those in the decedent's station wagon, the witness adjusted his seat belt to the same length as the decedent's belt was at the time of the accident. Although his waist was three inches larger than the decedent's, the witness stated that the distance from his abdomen to the back of the belt was 4½ inches and with that much slack, his body could slide outboard of the sill of the door some nine inches in an upright position.

On appeal, the defendant's basic contention is that the trial court should have granted its motion for a directed verdict or entered judgment n. o. v. As discussed below, the basis of the defendant's contention is that plaintiff's evidence with respect to

two elements of her cause of action was insufficient to send the case to the jury. In considering the sufficiency of the evidence on appeal, we are required to view the evidence and the inferences derived therefrom in the light most favorable to upholding the verdict. Chleboun v. Varilek, 1965, 81 S.D. 421, 136 N.W.2d 348; Vander Vorste v. Northwestern National Bank, 1965, 81 S.D. 566, 138 N.W.2d 411.

## DEFECT

The defendant first complains that there was insufficient evidence of a defect in the seat belt.

Before there could be a recovery under any of the three theories of products liability, the plaintiff had the burden of proving that the product was defective at a time when the defendant had possession, control, or responsibility for its condition. 63 Am.Jur.2d, Products Liability, § 10, p. 20. A product is deemed defective when it is not reasonably fit for the purpose for which it was intended to be used. Larsen v. General Motors Corporation, 1968, 8 Cir., 391 F.2d 495.

The only evidence of a defect in the seat belt was presented by the plaintiff's expert witness, Dr. Nelson. As indicated above, Dr. Nelson testified that the seat belt severed under low pressure due to its defective design. The defendant argues, however, that his opinion should have been disregarded for the reason that it was contradicted by undisputed physical facts.

It is true that the opinion of an expert witness may properly be disregarded where the premises upon which it is based are opposed to unquestioned physical facts. Podio v. American Colloid Co., 1968, 83 S.D. 528, 162 N.W.2d 385. In the present case, however, it cannot be said that the opinion of the plaintiff's expert was contradicted by undisputed physical facts. The most that can be said is that there was a conflict between the opinions of the plaintiff's expert and the defendant's expert. Acceptance or rejection of the expert testimony of either was a matter for the jury and their determination will not be disturbed.

## PROXIMATE CAUSE

 The defendant next contends that the plaintiff failed to prove that the alleged defect in the seat belt was the proximate cause of the decedent's death. In support of this argument, the defendant argues that based upon the evidence presented, it was speculation to conclude that the decedent died after his seat belt severed or that he would have survived if his seat belt had remained intact.

In this case, the circumstances of the accident precluded a direct determination of the cause or manner of the decedent's death. Therefore, to sustain her burden of proof on the issue of causation, the plaintiff was compelled to rely on the expert opinions of Dr. Nelson and George Behrens. As indicated above, both witnesses expressed the opinion that the decedent received the fatal injury after his seat belt severed and he was ejected from his station wagon. Dr. Nelson also expressed the opinion that Engberg would have survived if his seat belt had remained intact. The opinions of both witnesses were based upon proven facts and thus were not a matter of conjecture.

 The standard to be applied in determining whether or not a party has met his burden of proof on the issue of causation is set forth in Parham v. Dell Rapids Township, 1963, 80 S.D. 281, 122 N.W.2d 548. Pursuant to Parham, a plaintiff has met his burden of proof on the issue of causation when the evidence is sufficient for the jury to reasonably conclude, without resort to speculation, that the preponderance favors liability. As such, the plaintiff is not required to prove his case to a degree of absolute certainty.

In view of the plaintiff's expert testimony, it is our conclusion that the plaintiff met her burden of proof and the issue of causation was properly submitted to the jury. We find no merit in the defendant's argument that the mere suggestion of other causes of the decedent's death made the plaintiff's theory of causation a matter of speculation. See Klein v. Hodgman & Sons, Inc., 1957, 77 S.D. 64, 85 N.W.2d 289.

■ The defendant next contends that Behrens was not qualified to give an opinion as to the manner in which the decedent's death occurred. Behrens' only qualifications for giving such an opinion were that he was a licensed mortician and that he had investigated accidents for five years incident to his work as county coroner.

In State ex rel. Helgerson v. Riiff, 73 S.D. 467, 44 N.W.2d 126, we stated:

> "The qualifications and competency of a witness to give opinion evidence is primarily in the discretion of the trial court and his ruling in determining qualifications will not be disturbed unless there is *no evidence* that the witness had the qualifications of an expert or the trial court has proceeded upon erroneous legal standards." (Emphasis added.)

Thus, although Behrens' qualifications left something to be desired, it is our conclusion that his opinion was properly admitted in evidence within the discretion of the trial court. We find no clear abuse of such discretion.

## CONTRIBUTORY NEGLIGENCE

■ The defendant next contends that the evidence affirmatively shows that the real cause of the decedent's death was his own contributory negligence. In this respect, the defendant first argues that the evidence conclusively shows that the decedent was negligent in failing to adjust his seat belt "snugly" as directed on the belt and that said negligence was the proximate cause of the fatal injury.

We find no merit in this argument. There was a conflict in evidence as to whether or not the decedent had properly adjusted his seat belt. Thus, the question of contributory negligence was submitted to the jury and resolved against the manufacturer. Their verdict is supported by substantial evidence in this regard and it will not be disturbed on appeal.

■ Likewise, we find no merit in the defendant's claim that the proximate cause of the decedent's death was his own contributory negligence in failing to keep his car under control. The fact that the allegedly defective design of the seat belt did not cause the original accident does not preclude recovery.

In Larsen v. General Motors Corporation, 1968, 8 Cir., 391 F.2d 495, the Eighth Circuit Court of Appeals was presented with a similar situation. The plaintiff was involved in a collision with another car. In his action against General Motors, the plaintiff claimed injury as the result of the alleged negligent design of the steering assembly in his car. Although there was no allegation or proof that the defective design in any way caused the accident itself, the court had little difficulty in affirming the manufacturer's liability. In so holding, the court stated:

> "No rational basis exists for limiting recovery to situations where the defect in design or manufacture was the causative factor of the accident, as the accident and the resulting injury, usually caused by the so-called 'second collision' of the passenger with the interior part of the automobile, all are foreseeable. Where the injuries or enhanced injuries are due to the manufacturer's failure to use reasonable care to avoid subjecting the user of its products to an unreasonable risk of injury, general negligence principles should be applicable."

In the present case, the seat belts in Engberg's station wagon were provided for the specific purpose of protecting the driver in the event of an accident. The evidence was sufficient for the jury to find that if the seat belt had performed as reasonably expected of it, Engberg's injuries would not have been so severe.

## STRICT LIABILITY

The defendant's final contention is that the trial court erred in applying strict liability in tort to this case.

■ This court has never before recognized strict liability in tort in products liability cases. Other states which do recognize it generally rely on the Restatement of Torts (Second) § 402A which provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

■ Section 402A is designed to protect the public and insure that damages resulting from defective products are borne by those who market the product. However, the concept does not make the manufacturer an absolute insurer against any injuries caused by his product. It merely relieves the plaintiff of the burden of proving negligence by the manufacturer. To prevail, the plaintiff still must prove that the product was in a dangerous and defective condition when it left the manufacturer.

We hereby adopt strict liability as expressed in § 402A. After reviewing the record, it is our conclusion that the trial court properly applied the theory.

The defendant by other assignments of error has also raised questions concerning the jury instructions and evidentiary rulings. We have carefully reviewed them and find that they lack merit.

Affirmed.

BIEGELMEIER, C. J., and HANSON and DOYLE, JJ., concur.

WOLLMAN, J., concurs specially.

WOLLMAN, Justice (special concurrence).

I agree that the judgment should be affirmed, but I would base the affirmance solely on the ground that plaintiff introduced substantial evidence that defendant had negligently designed and installed the seat belt. I would reserve ruling on the question of strict liability until such time as we are faced squarely with the issue. Although there may be a certain inevitability about adopting § 402A, presumably there are countervailing considerations that merit at least some discussion before we take such action.