Arnold B. CONNELLY and Elaine Connelly, Plaintiffs and Respondents,

v.

Douglas L. SHERWOOD and Sharon R. Sherwood, Defendants, Third-party Plaintiffs and Respondents.

FITZGERALD CONCRETE, INC., Defendant, Third-party Plaintiff and Appellant,

v.

CONCRETE MATERIALS COMPANY, Third-party Defendant and Respondent.

No. 12109.

Supreme Court of South Dakota.

April 27, 1978.

Robert C. Heege of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiffs and respondents.

James H. Baker, Sioux Falls, for defendants, third-party plaintiffs and respondents.

Steve Jorgensen of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for defendant, third-party plaintiff and appellant.

John E. Burke, Sioux Falls, for third-party defendant and respondent.

ZASTROW, Justice.

This is an appeal from the trial court's dismissal of the third-party complaint of appellant Fitzgerald Concrete, Inc. against Concrete Materials Company. We affirm the trial court's decision.

Plaintiffs Arnold B. Connelly and Elaine Connelly (Connellys) purchased land from defendants Douglas Sherwood and Sharon Sherwood (Sherwoods) upon which the Sherwoods were to build a new home. Sherwoods subcontracted the construction of a concrete driveway to Fitzgerald Concrete, Inc. (Fitzgerald) on or about October 1, 1973. Fitzgerald purchased the concrete materials from the third-party defendant Concrete Materials Company (Concrete Materials). The driveway was installed by Fitzgerald in the fall of 1973. Connellys moved into their new home in June of 1974. In the spring of 1975, Connellys noticed that the top layer of their driveway was disintegrating and washing away.

Connellys served a summons and complaint upon Sherwoods and Fitzgerald on July 22, 1975. On July 31, 1975, Fitzgerald filed a third-party complaint against Concrete Materials. Later, the Sherwoods also filed a cross complaint against Concrete Materials.

Trial to the court of this case was held on October 6, 1976. During the course of the trial, Concrete Materials moved for dismissal of the third-party complaint. The motion was granted. Judgment in the sum of $750 was entered against the Sherwoods and Fitzgerald on November 4, 1976. The court also ordered that Sherwoods were entitled to indemnity from Fitzgerald.

Fitzgerald appealed from the trial court's decision, claiming: (1) error in the dismissal of the third-party complaint against Concrete Materials; (2) error in the trial court's refusal to enter a finding that Fitzgerald's installation of the driveway was proper; and (3) lack of evidence sufficient to warrant a judgment against Fitzgerald.

Fitzgerald claims that because the trial court found that one of the causes of the concrete breaking up was a defect in the concrete used in the driveway installation, the manufacturer Concrete Materials should not have been dismissed from the lawsuit.

However, neither the Sherwoods nor Fitzgerald in their capacity as third-party plaintiffs make any kind of a claim that the material provided by Concrete Materials was defective in any manner. Gary Fitzgerald, an officer, director and part owner of Fitzgerald Concrete, Inc., testified that he did not feel that anything was wrong with the concrete as it was delivered to them by Concrete Materials. Douglas Sherwood testified that of his own knowledge nothing was wrong with the concrete that was supplied by Concrete Materials.

It is settled law in South Dakota that a party to a lawsuit cannot claim the benefit of a version of relevant facts more favorable to his own contentions than he has given in his own testimony. *Drier v.*

*Perfection, Inc.,* 1977, S.D., 259 N.W.2d 496, 508. The facts, as testified to by Fitzgerald, indicate that there was nothing wrong with the concrete provided by Concrete Materials. Therefore, Fitzgerald has no legal grounds for recovering against Concrete Materials. The trial court's decision to dismiss Concrete Materials is correct.

Secondly, Fitzgerald claims that inasmuch as such a finding was made by the trial court in its memorandum opinion, the court erred by not including in its findings the fact that Fitzgerald's installation techniques were proper.

As its name implies, a memorandum opinion is merely an expression of the trial court's opinion of the facts and law. *Christiansen v. Strand,* 1966, 82 S.D. 416, 147 N.W.2d 415. Any expression of opinion or views by the trial judge extraneous to his decision in the manner and form contemplated by law is of no binding force and effect as a matter of law either upon the trial judge himself or anyone else. *Western Bldg. Co. v. J. C. Penney Co.,* 1932, 60 S.D. 630, 245 N.W. 909. Because the memorandum opinion is not binding, our review is limited to the trial court's findings of fact and conclusions of law.

Based upon Fitzgerald's and Sherwood's testimony that nothing was wrong with the concrete as it was delivered by Concrete Materials and Sherwood's testimony that the problem with the concrete driveway could have been caused by pouring the concrete too wet, causing more air than usual to enter into the upper surface of the concrete, the trial court's findings as to cause are not clearly erroneous.

Finally, Fitzgerald claims that there was insufficient evidence to warrant the judgment against him in view of the court's findings that the causes of the defect in the driveway were the use of salt by the City of Sioux Falls in its sanding operations and a defect in the concrete used in the driveway installation.

When the sufficiency of evidence to sustain findings is urged on appeal, this court must view the record in the light most favorable to the prevailing party, and all conflicts in the evidence must be resolved in favor of the prevailing party. *In re Metz' Estate,* 1960, 78 S.D. 212, 100 N.W.2d 393. If there is competent and substantial evidence to support the finding, then it must stand. *Vander Vorste v. Northwestern National Bank,* 1965, 81 S.D. 566, 138 N.W.2d 411. *Engberg v. Ford Motor Company,* 1973, 87 S.D. 196, 205 N.W.2d 104. Only if the finding is contrary to the clear preponderance of the evidence may it be set aside. *In re Blake's Estate,* 1965, 81 S.D. 391, 136 N.W.2d 242. *In re Estate of Shabley,* 1971, 85 S.D. 692, 189 N.W.2d 460.

We find competent and substantial evidence to support the trial court's findings both as to the salt's effect and the defect in the concrete used in the driveway installation. From Fitzgerald's own testimony that the concrete delivered by Concrete Materials contained no defect, the trial court concluded that the defect arose at the time the concrete was installed by Fitzgerald.

The judgment of the trial court is affirmed.

All the Justices concur.