**Patricia McELHANEY, Appellant,**

v.

**ELI LILLY & CO., etc., Appellee.**

No. 83–2710.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1984.

Decided July 17, 1984.

Rehearing en banc Denied
Aug. 23, 1984.

Rick Johnson, Johnson, Eklund & Davis, Gregory, S.D., Jana Miner, Rapid City, S.D., for appellant.

Woods, Fuller, Shultz & Smith, William G. Taylor, Sioux Falls, S.D., Shook, Hardy & Bacon, Lane D. Bauer, Andrew See, Kansas City, Mo., for appellee Eli Lilly & Co.

Before ARNOLD and FAGG, Circuit Judges, and DUMBAULD *, Senior District Judge.

PER CURIAM.

In this action for strict liability in tort, plaintiff Patricia McElhaney claims to have sustained injuries as a result of her mother's taking the prescription drug diethylstilbestrol (DES) during her pregnancy in 1949. The defendant Eli Lilly & Company conceded that it manufactured the particular DES taken by the plaintiff's mother.

Prior to trial, plaintiff indicated to the District Court that she would offer no proof that Eli Lilly knew or should have known of the dangerous condition of the drug. Defendant likewise conceded that no warnings. were given indicating potential dangers of the drug. Based on these concessions and comments j and k of § 402A of the Restatement (Second) of Torts, the District Court granted the defendant's motion for directed verdict.[1]

On appeal, McElhaney argues that the District Court erred in holding that the courts of South Dakota would apply comments k and j of § 402A. On questions of state law, we normally defer to the judgment of the District Court. Hence the District Court's interpretation of South Dakota law was reasonable. *McElhaney v. Eli Lilly & Co.*, 575 F.Supp. 228, 230 (D.S.D.1983).

The South Dakota Supreme Court has adopted strict liability as expressed in § 402A. *Engberg v. Ford Motor Co.*, 87 S.D. 196, 205, 205 N.W.2d 104, 109 (S.D. 1973). Further, comment k has been applied in a previous South Dakota case involving a prescription drug. *Yarrow v.*

---

* The Hon. Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. Under comment j, a seller is required to provide warnings of potential dangers created by a product which is unavoidably unsafe, "if he has knowledge, or by the application of reasonably developed human skill and foresight should have knowledge, of the presence of ... the danger."

*Sterling Drug, Inc.*, 263 F.Supp. 159 (D.S. D.1967), *affirmed*, 408 F.2d 978 (8th Cir. 1969).

Affirmed.