The appellant, Annie Mae Hunter, was charged with first degree murder in the Circuit Court of Etowah County, Alabama, in the killing of Curtis Lee Johnson by shooting him with a gun or pistol. She was found guilty on September 25, 1975, of manslaughter in the first degree, and the sentence was fixed at ten years in the state penitentiary. She appealed this judgment to this Court.
 I
The appellant cohabited with the deceased for several months before the incidents of this case. The evidence indicates that the couple engaged in many quarrels and controversies. On April 11, 1975, the appellant received some bruises and cuts during an altercation with the deceased. Later in the day the deceased was in a poolroom, and the appellant came to the poolroom with a pistol in her bosom. She states that she received a message from the deceased asking her to come to the poolroom. The evidence was in conflict as to whether or not the deceased struck the appellant on their meeting in the poolroom before the fatal shot was fired. It is uncontroverted *Page 514 
that the appellant pulled the pistol from her bosom and fired at the deceased at close range, then immediately left the poolroom. The deceased immediately fell to the floor. He was found to have a bullet wound in the side of his head, and fragments from this bullet were taken from the deceased's brain at an autopsy. All of the evidence points to the conclusion that the deceased died instantly, or within a very short time after the pistol was fired. He was dead on arrival of the police, who responded to a call to the scene promptly. A blood sample of the deceased after his death was shown to contain ethyl alcohol equivalent to 0.25%. Persons with such alcohol level are generally incapable of conducting tasks requiring the skill and coordination required in the operation of an automobile, and would generally exhibit appreciable mental confusion and motor impairment, such as a very thick tongue and a staggered gait.
The coroner of Etowah County, Mr. William O. Bragg, who is an emergency medical technician licensed by the State of Alabama, and who has worked for one year with an ambulance service and with Etowah Rescue Squad for several years, testified to the cause of death. He stated that he has had occasion to investigate a "large number . . ." of deaths in that county caused by different means. He states that he has had formal training in investigation of wounds and causes of death, etc. He also states that he worked with Etowah County Rescue Squad eight or nine years, and that he has had experience in determining the cause of death resulting from different means. He has a degree from Gadsden State College leading to his licensing as a medical technician, and he took part of his training through a hospital in Etowah County in connection with his study at the Junior College. Some of the subjects covered by his training at the hospital include trauma, heart trouble, gunshot wounds, intercranial wounds, nervous conditions, and nervous disorders.
Further qualifications of the witness: The witness testified that he had investigated deaths caused by shots in the head, through the heart and through the lungs. He estimated that he investigated fifteen or twenty deaths of this kind during the eight or nine years he worked with the rescue squad. He states that he was trained in life saving methods. This particular course consisted of ninety hours of training under local doctors. He attended victims at the scene of the injuries, and in emergency rooms. He states that in his training and experience he has acquired a knowledge as to cause of death.
This witness testified that he received a call on the night of the crime in question. He proceeded to the scene and found the deceased apparently in the position in which he had fallen. He described the bullet wound in the head of the deceased and a laceration of his chin. He observed the performance of the autopsy by the Department of Toxicology in Auburn, Alabama. The skull was opened, and fragments of a bullet were removed from the brain.
 II
The only error argued by the appellant is her contention that the trial court erred in allowing the witness, Bragg, to testify to the cause of death. The argument is based on appellant's contention that this witness was not qualified as an expert sufficiently to give such testimony.
 III
The ideal expert witness to give testimony as to the cause of death of a human being is a qualified medical doctor. Many witnesses, however, have acquired sufficient knowledge to testify as to the cause of death. The qualification of such witness depends upon whether his or her knowledge in the particular field extends beyond or supersedes that of an ordinary witness as determined by the trial judge. Cobb v.State, 50 Ala. App. 707, 282 So.2d 327. This Court has allowed funeral directors, embalmers, a chemistry professor, an employee of the office of State Toxicology, coroners, and others to testify as to the cause of death. See Cobb v. State, supra, *Page 515 
where this subject is discussed and the citations are set out in full. A review of our cases on the subject reveals that a lay witness is not granted the status of an expert witness in this field merely because he may be a mortician, a coroner, or toxicologist, etc., but such witness is accorded the expert status when it is shown sufficiently to the trial judge that this witness has acquired more knowledge in the field than the ordinary witness, and that by training or experience, or both, his or her knowledge is such that a jury would be reasonably justified in relying upon the opinion of the witness. If the trial judge determines that the witness has such knowledge, he may submit the testimony to the jury. On appeal from the exercise of such discretion by a trial court, this court will not disturb the decision of the trial court unless there is clear abuse of this discretion.
We are of the opinion that the trial court did not abuse its discretion in allowing the witness, Bragg, to testify to the cause of death, and we find no error in the ruling of the trial court.
We have considered the entire record under Code of Alabama 1940, Title 15, Section 389. From this examination was conclude that error is not made to appear.
The foregoing opinion was prepared by Honorable NEWTON B. POWELL, Circuit Judge, temporarily on duty on the Court pursuant to Subsection (4) of Section 38, Title 13, Code of Alabama 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur.