520 A.2d 502

**Joseph LINKER, Appellant,**

**v.**

**CHURNETSKI TRANSPORTATION, INC.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1986.

Filed Jan. 30, 1987.

This argument does not go to the issue of estoppel raised in the third statement of questions involved.

Jerome L. Cohen, Wilkes-Barre, for appellant.

Donald T. Rogers, Wilkes-Barre, for appellee.

Before CIRILLO, President Judge, and .ROWLEY and BECK, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas, Luzerne County, denying appellant's motion to remove a nonsuit entered at trial. We reverse and remand.

Appellant Joseph Linker initiated suit against appellee Churnetski Transportation (Churnetski) as a result of an automobile accident. In response to appellee's expert interrogatories, appellant responded as follows: "Dr. G.W. Klem, Kingston, Pa. See report attached." No report was attached; only bills and extracts of the office record were attached to appellant's answers. Approximately ten months later, on May 18, 1983, appellee Churnetski made a request for documents, including "reports of any and all experts who are expected to testify at trial." Appellee received no response to this request.

Dr. Klem subsequently died, and in November of 1984 appellant began treatment with Dr. Rogers. Treatment continued until January 27, 1986, the date of trial.

Appellant's answers to appellee's interrogatories were never supplemented to inform appellee that Dr. Rogers would testify as an expert at trial. Appellant did identify Dr. Rogers by name as an expert witness at the January 28, 1985 pretrial conference, but no expert report was supplied to appellee. A copy of Dr. Roger's expert report was given to appellee's counsel on January 28, 1986, the second day of trial. This report, which was mailed by Dr. Rogers to appellant's counsel, was post-marked January 23, 1986.

The trial court, pursuant to the discovery rules, precluded the doctor's testimony. *See* Pa.R.Civ.P. 4003.5(b) and 4019(i). Appellant's motion for a continuance was denied by the trial court. As a result of the sanction, appellant was unable to meet the threshold requirements for his cause of action and a compulsory non-suit was entered against him. Appellant's motion to remove the non-suit was denied.

Appellant presents the following issues for our review: (1) is providing the name of an expert witness to defense counsel by way of pre-trial memorandum sufficient notice under the discovery rules; and (2) must the party requesting sanctions show prejudice in order to completely preclude expert testimony.

The purpose of the discovery rules is to prevent surprise and unfairness and to allow a fair trial on the merits. *See*

*Kaminski v. Employers Mutual Casualty Co.*, 338 Pa. Super 400, 487 A.2d 1340 (1985). When expert testimony is involved, elimination of surprise becomes even more critical since attorneys will not have the requisite knowledge to effectively rebut the unexpected testimony. *Id.*

The *Kaminski* court noted that "[b]y allowing for early identity of expert witnesses *and their conclusions,* the opposing side can prepare to respond appropriately instead of trying to match years of expertise on the spot." *Kaminski,* 338 Pa.Super. at 408, 487 A.2d at 1344–45 (quoting *Sindler v. Goldman,* 309 Pa.Super. 7, 12, 454 A.2d 1054, 1056 (1982)) (emphasis ours).

■ In the instant case, appellant contends that his identification of Dr. Roberts by name in the pre-trial memorandum was sufficient notice. We disagree.

Pennsylvania Rule of Civil Procedure 4003.5 provides in part:

**Rule 4003.5. Discovery of Expert Testimony. Trial Preparation Material**

(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

(1) A party may through interrogatories require

(a) any other party to identify each person whom the other party expects to call as an expert witness at trial *and to state the subject matter on which the expert is expected to testify and*

(b) the other party to have each expert so identified by him *state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.* The party answering the interrogatories may file as his answer a report of the expert or have the interrogatories answered by his expert. The answer or separate report shall be signed by the expert.

. . . .

(b) *If the identity of an expert witness is not disclosed in compliance with subdivision (a)(1) of this rule, he shall not be permitted to testify on behalf of the defaulting party* at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief. (emphasis ours).

The explanatory note to Rule 4003.5 states:

With respect to the expert expected to be called, discovery of facts known and opinions held by him, acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

(1) First, the inquirer can by interrogatories require his opponent to disclose the identity of expert witnesses he expects to call at trial. *The opponent must not only identify such experts but also state the subject matter on which each is expected to testify.* (emphasis ours).

The rule embodied in subsection (b) above is restated in Rule 4019:

(i) A witness whose identity has not been revealed as provided in this chapter *shall not be permitted to testify* on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief.

Pa.R.Cir.P. 4019(i) (emphasis added).

Rule 4007.4 imposes a continuing obligation on an answering party to supplement his responses to interrogatories. The explanatory note to Rule 4007.4 points out that this obligation is automatic with respect to persons to be called at trial as expert witnesses. *See* Pa.R.Civ.P. 4007.4, Explanatory Note—1978. *See also Royster v. McGowen Ford, Inc.*, 294 Pa.Super. 160, 439 A.2d 799 (1982) (responding party is under an affirmative duty to supplement responses to expert interrogatories).

In the instant case appellant failed to comply with the requirements of the aforementioned discovery rules. Appellant began treatment with Dr. Rogers in 1984, and had well over two years to supplement his responses to appellee's interrogatories. In addition, it is difficult to conceive of the possibility that appellant's attorney waited over two years to make his decision to use Dr. Rogers as an expert at trial, or that the physician's report would take this long to prepare. Further, we find no "extenuating circumstances," nor does appellant allege any, that would excuse him from these requirements. *See* Pa.R.Civ.P. 4003.5(b), *supra.*

■ Appellant next contends that there must be a showing of prejudice to the appellee in order for a court to completely preclude Dr. Rogers' testimony. We agree.

In *Gill v. McGraw Electrical Company,* 264 Pa.Super. 368, 382, 399 A.2d 1095, 1102 (1979) (*en banc*), we noted the following four factors to be considered in determining whether or not a witness should be precluded for failure to comply with discovery rules:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified,

(2) the ability of that party to cure the prejudice,

(3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court,

(4) bad faith of [sic] willfulness in failing to comply with the court's order.

309 Pa.Super. at 15 n. 8, 454 A.2d at 1058 n. 8.

Appellee's counsel pointed out that Dr. Levitt, who had previously examined Mr. Linker, had no opportunity to review Dr. Roger's report. Dr. Levitt's deposition testimony was to be presented on behalf of appellee Churnetski. Dr. Levitt was unavailable to testify at trial, and therefore could not respond to Dr. Roger's opinion.

In completing the *Gill* analysis, the trial court found there was little chance of curing this prejudice because of Dr. Levitt's unavailability and inability to respond to Dr.

Levitt's opinion. In addition, the court found that waiving the rule against calling unlisted witnesses would, of necessity, disrupt the orderly and efficient trial of this case and others on the trial list. Finally, the court found no bad faith or willfulness on the part of appellant or his counsel.

In the absence of bad faith or willful disobedience of the rules, the most significant considerations are the importance of the witness' testimony and the prejudice, if any, to the party against whom the witness will testify. *Feingold v. Southeastern Pennsylvania Transportation Authority,* 339 Pa.Super. 15, 22, 488 A.2d 284, 288 (1985), *aff'd,* 512 Pa. 567, 517 A.2d 1270 (1986).

It is clear that Dr. Roger's testimony is critical; without it, appellant has no case. It is also clear that appellee was prejudiced. Thus we are met with a serious dilemma which is not easily resolved. Under Rule 4003.5(b), the court must "balance the facts and circumstances of each case to determine the prejudice to each party." *See Feingold, supra,* 512 Pa. at 573, 517 A.2d at 1273.

We recognize that appellant, as the responding party, was under an affirmative duty to supplement his responses. However, Dr. Rogers was listed as an expert witness in the January, 1985 pre-trial memorandum. From that time until the time of trial in January of 1986, one year later, there is a gap in the discovery process. Appellee's counsel did not file a motion to compel discovery on behalf of Churnetski. We question appellee's counsel's claim of surprise. We question also counsel's failure to request a continuance so as to avoid any prejudice to his client.

When an attorney is derelict in his duties, the unfortunate consequences will fall on the client. Mr. Linker, as a result of his counsel's violation of discovery rules, was unable to present his claim for trial. Appellee Churnetski, however, was more fortunate; Churnetski counsel's failure to pursue discovery might be viewed as a favorable trial tactic in this situation. This situation, however, is clearly not what the Civil Procedure Rules Committee intended.

We recognize that the imposition of an order compelling discovery is not a prerequisite to the trial court's authority to impose an appropriate sanction. *Griffin v. Tedesco*, 355 Pa.Super. 475, 513 A.2d 1020 (1986). As stated in the explanatory note to Rule 4019, "Subdivision (a)(viii) is a blanket authorization to the court to enter a sanction order *whenever there is a failure to make discovery* or to obey an order of the court." Explanatory Note to Rule 4019— 1978 Civil Procedure Rules Committee (emphasis added). *See also Crance v. Sohanic*, 344 Pa.Super. 526, 496 A.2d 1230 (1985) (sanctions may be imposed where there is a disregard of a discovery order *or an obligation stated in the rules of civil procedure*) (emphasis added).

In practice, however, sanctions for failure to respond to discovery requests are generally not imposed until there has been a refusal to comply with a court order directing compliance. *See, e.g., Griffin v. Tedesco*, 355 Pa.Super. 475, 513 A.2d 1020 (1986); *Simpson v. Allstate Ins. Co.*, 350 Pa.Super. 239, 504 A.2d 335 (1986); *Miller Oral Surgery, Inc. v. Dinello*, 342 Pa.Super. 577, 493 A.2d 741 (1985); *Brunetti v. Southeastern Pennsylvania Transportation Authority*, 329 Pa.Super. 477, 478 A.2d 889 (1984).

In addition, we note that Rule 4009(a)(2) clearly contemplates that where there is no response to a request for production of documents, the appropriate motion for the requesting party to make is a motion for an order under Rule 4019(a) to compel production. *See* Explanatory note to Rule 4009—1978 Civil Procedure Rules Committee. A hearing on the motion protects both parties. If the hearing court determines the reason for noncompliance is without merit, a court order compelling discovery "would serve as a warning that if there is future non-compliance, sanctions will be imposed." *Griffin*, 355 Pa.Super. at 482, 513 A.2d at 1024.

We find that the delicate balancing of the importance of Dr. Roger's testimony and the prejudice to appellee weighs in appellant's favor. Given the circumstances and the severity of the sanction imposed in this case, we find

that the trial court abused its discretion in precluding Dr. Roger's testimony. *Compare Kemp v. Qualls*, 326 Pa.Super. 319, 473 A.2d 1369 (1984) (trial court's decision permitting expert to testify was upheld where, even though there had been late disclosure of expert witness' identity, appellant had thirteen days to investigate expert and no real prejudice was shown); *Nowosielski v. Kryzosiak*, 280 Pa. Super. 243, 421 A.2d 703 (1980) (defendant's failure to include copy of physician's report as required by local rule did not warrant exclusion of physician's testimony in view of lack of prejudice).

Accordingly, we reverse the trial court's order denying appellant's motion to remove the non-suit entered in appellee's favor. We also reverse the court's order imposing sanctions, and remand for a new trial.

Orders reversed. Case remanded. Jurisdiction is relinquished.