CONCURRING & DISSENTING OPINION BY JUDGE McCULLOUGH I agree with the Majority that pursuant to section 706 of the Right-to-Know Law (RTKL),[1] 66 P,S. § .67.706, and Moore v. Office of Open Records, 992 A.2d 907 (Pa. Cmwlth. 2010), an agency'does not have to create a requested record when, that record does not exist, in any discernable form, at the time of the request. See also Paint Township v. Clark, 109 A.3d 796, 804-08 (Pa. Cmwlth. 2015). However, unlike the Majority, I do not believe that this principle applies with convincing force to the circumstances of this case. Here, the petitioners sought “any reports) generated by BueldeySandler LLP” with respect to emails turned over by the Office of the Attorney General (OAG). (Reproduced Record (R.R,) at la.) In denying the request, the records officer of OAG acknowledged that the Buckley Sandler Report (Report) did in fact exist, but withheld disclosure because the “report ha[d] not been finalized.” (R.R, at 2a.) The records officer 'concluded that, in its then-current form, the Report was exempt from disclosure because it reflected the internal, predecisional deliberations of an agency.. Subsequently, the appeals officer of the OAG determined that the Report was'protected under the RTKL by the attorney-client and attorney-work-product privileges, and the exemptions that the statute provides for pre-decisional deliberations and noncriminal investigations. While the matter was still pending before the appeals officer, the Report was modified to include appendices and placed into its definitive and final version. In affirming the OAG appeals officer, the Majority does not address whether the Report satisfies an exemption under the RTKL, but instead utilizes alternative reasoning.' In doing so, the Majority concludes that the petitioners have “expanded] their request on appeal,”, and “the appendices were not encompassed by [the] request,” ostensibly because the appendices were hot appended to the Report at the time of the request. (Maj. op. at 126-26.) Placing aside the questions surrounding the appendices and their “state-of-being” on the date of the request, the request itself does not seem to have required the agency “to create a record which does not currently exist” or to “compile, maintain, format or organize a record in a manner in which • the agency does not .... ” 65 P.S. § 67.705. To the contrary, it appears as if the agency did this all on its "own, having completed the Report on November 22, 2016, and releasing a redacted version of it to the public on that same date. Notably, by the time the OAG appeals officer denied th¿ petitioners’ request for reconsideration on December 6, 2016, the Report and its appendices were bound, together in final format. To me, it is difficult to say that, at any given point of the proceedings, “the requested information [did] not [then] currently exist in any ascertainable format,” Clark, 109 A.3d at 806, and I question whether section 705 of the RTKL is controlling authority in this matter. Moreover, while the content of the Report may have transformed through time, it is apparent to me that the petitioners’ request for “any report(s)” did not. (R.R. at la.) Although “a requester is not permitted to expand or modify the request on appeal,” Smith Butz, LLC v. Department of Environmental Protection, 142 A.3d 941, 945 (Pa. Cmwlth. 2016), I am perplexed to see how the evolving nature of a requested record (which apparently occurred while the matter was still pending before the OAG’s records and appeals officers) can change and/or dictate the meaning of the terms of the request. Contrary’ to the Majority, I would conclude that', hecause the appendices are discussed within the Report, and essentially incorporated into the Report, the appendices fall squarely within the scope of the petitioners’ request. (See R.R.at 70a, 95a.) Perhaps it would have been best for all had the OAG simply granted the petitioners’ motion for reconsideration and started anew. Or maybe the matter would be easier to resolve had the petitioners withdrawn their initial RTKL request and filed a second one. But this Court has to take the case as it comes.[2] Although we' could vacate the decision below and remand for further proceedings, or . even conduct our own fact-finding if necessary, see, e.g., Office of the Governor v. Scolforo, 65 A.3d 1095, 1099 n.6 (Pa. Cmwlth. 2013), the Majority fashions a rule of law that effectively allows an agency to continue denying that a record exists, even after the agency has confirmed the full fruition of its very existence to the public. Because the defense of “the document is subject to one further change” unnecessarily tests the fabric and spirit of the RTKL, and does not hold up well (in fact, at all) when the document has undergone that change, I cannot agree with the Majority on that point. Hence, I respectfully concur in part and dissent in part. . Act of February 14, 2008, P.L, 6. . Given circumstances like these, where the agency explicitly confirms that a document exists in some format in response to a request, but states that the document is still “under construction,” I think it would be best for this Court to judicially impose a requirement onto section 705 of the RTKL that is akin to our rules for discovery in civil litigation. Specifically, I would place an affirmative duty on an agency to supplement its response or provide an update to a requester regarding the status of the document. See generally Pa. R.C.P. No. 4007.4; Linker v. Churnetski Transportation, Inc., 360 Pa.Super. 366, 520 A.2d 502, 504 (1987). If the document is completed during the agency’s review process, or, in other cases, during an appeal to a trial court or to the Office of Open Records, then, at that moment in time, those tribunals would have a legal obligation to reconsider the request and take the procedural action required to decide whether the document is subject to disclosure.