J-A26020-20

2021 PA Super 20

| | | |
|---|---|---|
| TONIA VIRNELSON, INDIVIDUALLY AND AS ADMINISTRARTIX OF THE ESTATE OF JAMES K. VIRNELSON, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3526 EDA 2019 |
| JOHNSON MATTHEY INC. A/K/A JOHNSON MATTHEY PHARMACEUTICAL VENTURES AND JOHNSON MATTHEY PHARMACEUTICAL MATERIALS, INC., JOHNSON MATTHEY PROCESS TECHNOLOGIES, INC., 3V, INC., 3V TECH S.P.A., 3V TECH USA, LANMARK ELECTRIC, INC., IPS-INTEGRATED PROJECT SERVICES, LLC, IPS-INTEGRATED PROJECT SERVICES CORP., IPS-INTEGRATED PROJECT SERVICES, INC. D/B/A IPSINTEGRATED PROJECT SERVICES, LLC, UNITED INSPECTION AGENCY, INC. MCFLUSION, INC. AND MCFLUSION CORP. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: JOHNSON MATTHEY INC. A/K/A JOHNSON MATTHEY PHARMACEUTICAL VENTURES AND JOHNSON MATTHEY PHARMACEUTICAL MATERIALS, INC. TONIA VIRNELSON, INDIVIDUALLY AND AS ADMINISTRARTIX OF THE ESTATE OF JAMES K. VIRNELSON, DECEASED | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

J-A26020-20

IPS-INTEGRATED PROJECT : 
SERVICES CORP.

Appeal from the Order Entered December 6, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 151101608

| | | |
|---|---|---|
| JOHNSON MATTHEY INC. A/K/A JOHNSON MATTHEY PHARMACEUTICAL VENTURESAND JOHNSON MATTHEY PHARMACEUTICAL MATERIALS, INC. | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| | : | No. 3527 EDA 2019 |
| v. | : : : : | |
| TONIA VIRNELSON, INDIVIDUALLY AND AS ADMINISTRARTIX OF THE ESTATE OF:  JAMES K. VIRNELSON, DECEASED, 3V, INC., 3V TECH S.P.A.,  AND 3V TECH USA, A&B PROCESS SYSTEMS CORP,  COVEX, LLC, HAZTEK, INC., IPS, LANMARK ELECTRIC, INC.,  MCFLUSION INC. AND MCFLUSHION CORP.,  AND UNITED INSPECTION AGENCY, INC. | : : : : : : : : : : : : : : | |

Appeal from the Order Entered December 6, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 170701519


BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

OPINION BY LAZARUS, J.: **FILED FEBRUARY 17, 2021**

Appellants/Defendants Johnson Matthey Inc. (a/k/a Johnson Matthey

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

Pharmaceutical Ventures) (JMI)[1] and Johnson Matthey Pharmaceutical

Materials, Inc. (Appellants) appeal from the orders,[2] entered in the Court of

Common Pleas of Philadelphia County, granting Plaintiff/Appellee's Tonia

Virnelson's motion to compel production of an on-site investigative report of

_____

[1] By order dated November 19, 2019, the court granted JMI's motion for summary judgment and dismissed JMI from this case based upon immunity from suit as Virnelson's employer.

[2] On December 19, 2019, Appellants appealed from the December 6, 2019 order granting the joint motion of defendants IPS and 3V to compel the disclosure of the report prepared by defendant JMI's consultant, BakerRisk, and all drafts of that report. On December 20, 2019, Appellants filed an appeal from the court's AMENDED ORDER, which reads:

> AND NOW, this 6th Day of December, 2019, upon remand, after a hearing and argument, and after consideration of the parties' respective evidentiary submissions, along with proposed findings of fact and conclusions of law, it is ORDERED that the joint motion of defendants[] IPS and 3V to compel the disclosure of the report prepared by defendant JMI's consultant, BakerRisk, in connection with decedent Virnelson's work-place accident is GRANTED.

Order, 12/20/19. Appellants filed separate notices of appeal, in compliance with *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018).

Because these interlocutory orders pertain to the discovery of privileged materials, they are immediately appealable collateral orders. *See* Pa.R.A.P. 313 ("An appeal may be taken as of right from a collateral order[.] . . . A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."); *cf. Crum v. Bridestone/Firestone North American Tire, LLC*, 907 A.2d 578 (Pa. Super. 2006) (relying on collateral order doctrine to exercise review of discovery orders involving disclosure of protected material).

an industrial accident, prepared by JMI's consultant, Baker Engineering and Risk Consultants (BakerRisk).[3] The trial court determined BakerRisk was not retained in anticipation of litigation and, therefore, the report was discoverable. After our review, we conclude that the record supports the trial court's finding that BakerRisk was not retained in anticipation of litigation, but, rather, was retained as a matter of business protocol to investigate the causes of the accident and to enable JMI to implement operational changes to prevent such accidents in the future. We, therefore, affirm the trial court's order compelling disclosure of the report.

On July 17, 2015, James Virnelson fell to his death while working as an employee of JMI at JMI's pharmaceutical plant in Conshohocken, PA. While inspecting an industrial-grade pressure filter dryer, Virnelson was allegedly exposed to excessive levels of nitrogen, causing him to lose consciousness and fall ten feet onto a concrete floor.

---

[3] On September 29, 2017, Plaintiff Tonia Virnelson filed a motion to consolidate the case against Appellants and other defendants (Civil Docket No. 151101608) (referred to as "case 1608"), with the case against defendants where Appellants were not parties (Civil Docket No. 170701519) (referred to as "case 1519"). The court granted this unopposed motion for purposes of trial and discovery. *See* Order, 10/3/17. Although in the normal course we might consider quashing the former appeal (docketed at 3526 EDA 2019) as duplicative, we hesitate to do so in this case. It appears that even though case 1519 was designated as the lead case, orders made in that case do not always appear at case 1608, and vice versa. Thus, to ensure a complete review, we find it necessary to review the dockets and records in both case 1608 and case 1519.

Plaintiff Tonia Virnelson filed suit on November 11, 2015, individually and on behalf of the Estate of James Virnelson, to recover for the death of her husband. The complaint alleged, *inter alia*, that Appellants' inadequate safety practices at the plant caused Virnelson's death, and that the pressure filter dryer was defectively designed and/or installed.

Within five days of Virnelson's death, on July 22, 2015, Appellants retained the services of BakerRisk, an independent consulting firm, to conduct a site safety investigation and determine the cause of Virnelson's fatal accident. BakerRisk began its investigation some time before August 3, 2015.[4] The BakerRisk team interviewed witnesses and employees. BakerRisk assigned its employee, Michael Broadribb, to handle the matter. Following his investigation, Broadribb prepared a report (the Broadribb Report). Portions of the BroadribbReport were released to Occupational Health and Safety Administration (OSHA) investigators.

On August 3, 2015, counsel for Plaintiff sent a letter to Appellants informing them that Plaintiff had retained his firm for representation. As stated above, Plaintiff's complaint was filed on November 11, 2015.

---

[4] We point out that the Honorable Lisa M. Rau states that "BakerRisk commenced [its] investigation some time before August 3, **2017**. *Id.* at 114:7-17." Trial Court Opinion, 4/12/18, at 1 (emphasis added). The notes of testimony cited by the court refer to the evidentiary hearing held on February 21, 2018. That portion of the transcript, however, does *not* give the year 2017; in fact, it states no year, just the date "August 3rd." When read in context of the prior and subsequent testimony, as well as in the context of this case, we conclude it can only reasonably refer to the year 2015. *See* N.T. Evidentiary Hearing, 2/21/18, at 114-15.

This Court, in a prior consolidated appeal, set forth the subsequent procedural events as follows:

During the course of discovery in this matter, [Plaintiff] became aware of the existence of the Broadribb Report. On June 30, 2017, [Plaintiff] filed a Motion to Compel Appellants to produce the Broadribb Report. The trial court scheduled a hearing on the Motion for August 23, 2017. On August 23, 2017, the Honorable John M. Younge held a hearing on the Motion to Compel, at which counsel for the parties presented argument. [] Appellants argued that the court should not compel production of the Broadribb Report because, *inter alia*, Appellants retained BakerRisk and Broadribb in anticipation of litigation, and, therefore, the Broadribb Report "absolutely falls under the consulting expert privilege." In particular, Appellants argued that Broadribb and BakerRisk were non-testifying expert consultants retained in anticipation of litigation, and that Appellee did not raise the existence of any "exceptional circumstance" entitling her to the Broadribb Report. [Plaintiff] argued in opposition that the Broadribb Report did not constitute a privileged consulting expert report because Appellants, and not their attorneys, had hired BakerRisk. [Plaintiff], thus, concluded that the Broadribb Report could not have been prepared in anticipation of litigation. In further support of this theory, [Plaintiff] cited references in a post-accident investigation report produced by the Occupational Safety and Health Administration ("OSHA") to Appellants having hired BakerRisk to conduct an independent evaluation of the accident. [Plaintiff] inferred from this reference that Appellants retained BakerRisk so they could negotiate a lower penalty from OSHA, and not in preparation for litigation. [] On September 28, 2017, the Honorable John M. Younge granted [Plaintiff's] Motion to Compel and ordered Appellants to produce the Broadribb Report.

Subsequently, on January 9, 2018, Appellants filed a Motion for Protective Order seeking to preclude, *inter alia*, discovery by [Plaintiff] of information concerning Broadribb's investigation— including the contents of draft reports prepared by Broadribb, the conclusions reached by Broadribb, and the "participation of or provision of information" by Appellants' current or former employees in discovery concerning Broadribb's investigation. Appellants also sought an Order staying its compliance with the September 28, 2017 Order pending appeal, pursuant to Pa.R.A.P. 1701. The trial court held a hearing on Appellants' Motion on

February 21, 2018. At the hearing, Appellants' counsel argued that, pursuant to Pa.R.C.P. 4003.5, the facts and statements communicated to the BakerRisk investigators by Appellants' current and former employees during Broadribb's investigation, as well as any knowledge those employees have of the facts held or findings of Broadribb, were precluded from discovery. Appellee's counsel disputed the applicability of Rule 4003.5, and instead suggested that the arguably operable rule is Rule 4003.3, which covers work product. [] [Plaintiff] conceded that the court should not permit him to ask witnesses about any opinions they read in the Broadribb Report.

*Virnelson v. Johnson Matthey, et al.*, 3430 EDA 2017 at *4-5 (Pa. Super.

filed July 25, 2019) (unpublished memorandum) (citations omitted).

After review, we remanded with instructions, stating:

The disposition of these issues is dependent on Judge Younge's factual determination that Appellants did not retain BakerRisk and Broadribb as a non-testifying expert witness in anticipation of litigation. As noted above, Judge Younge held a hearing on [Plaintiff's] Motion to Compel Production of the Broadribb Report. **However, the notes of testimony from the August 23, 2017 hearing reflect that, although Judge Younge heard the parties' argument as to whether Appellants had retained BakerRisk in anticipation of litigation or for some other purpose, the parties did not present the testimony of any witnesses or any other evidence to support their respective arguments**. Judge Younge, therefore, decided this question of fact, i.e. that Appellants did not retain BakerRisk's services in anticipation of litigation, without the benefit of a factual record.

*Id.* at *11-12 (emphasis added).[5] We vacated two orders related to the

BakerRisk report: *see Virnelson v. Johnson Matthey, Inc.*, (September 28,

_____

[5] We also stated: "Similarly, our review of the record confirms that Judge Younge reached the factual conclusion that "exceptional circumstance[s] exist in this instance that require production without developing a factual record." *Virnelson*, *supra* at *12 n.6.

2017) entered by Judge Younge, and ***Virnelson v. IPS-Integrated Project***

***Serv. Corp., et al.*** (April 12, 2018), entered by Judge Rau, and remanded

with instructions to the trial court to develop a record on the issue of whether

BakerRisk was retained in anticipation of litigation.[6]

Following remand, the Honorable Shelley Robins New held a hearing on

October 31, 2019.[7]   The court heard argument and reviewed Appellants' and

non-JMI defendants'[8] proposed findings of fact and conclusions of law, and the

various exhibits, depositions and hearing transcripts attached to those

submissions.  The court concluded the Broadribb Report was not prepared in

_____

[6] In our decision in the prior appeal, we noted:

> Our review of the record indicates that only Appellants submitted evidence in support of their argument against production of the Broadribb Report.  In particular, Appellants included an affidavit of their in-house counsel, Amy Donohue-Babiak, Esquire, as an exhibit to their Response in Opposition to the Motion to Compel, and Attorney Donohue-Babiak's supplemental affidavit as an exhibit to their Supplemental Brief filed after the August 23, 2017 hearing. Appellants also included Appellee's counsel's August 3, 2015 letter and email correspondence between Attorney Donohue-Babiak and Appellee's counsel as exhibits to the Supplemental Brief.  Judge Younge did not acknowledge in his Rule 1925(a) Opinion that he considered this evidence when granting Appellee's Motion.

***Virnelson***, ***supra*** at *11-12 n.5.

[7] Judge Younge joined the federal bench and Judge Rau retired.  Thus, the case was reassigned to Judge Robins New.

[8] IPS-Integrated Project Services Corp., IPS-Integrated Project Services, LLC, IPS-Integrated Project Services, Inc. d/b/a/ IPS Integrated Project Services (IPS), and 3V Inc. and 3V Tech (3V).

anticipation of litigation and, therefore, was discoverable pursuant to Pa.R.C.P. 4003.5(a)(3).

This appeal followed. Appellants raise five issues for our review:

1. Did the trial court err and abuse its discretion by determining that JMI's non-testifying consulting expert was not retained in anticipation of litigation within the meaning of Pa.R.C.P. 4003.5(a)(3) and declining to apply that Rule, as:

   a) the unrebutted evidence established that JMI contemplated legal proceedings immediately after the accident and that the BakerRisk investigation was conducted (at least in part) to prepare for those proceedings; and

   b) the trial court's findings of fact and conclusions that BakerRisk was not retained "in anticipation of litigation" were an abuse of discretion predicated on an error of law, are not supported by substantial competent evidence, and capriciously disregarded Johnson Matthey's unrebutted evidence?

2. Did the trial court err and abuse its discretion by determining that the protections of Rule 4003.5(a)(3) did not apply, as:

   a) Rule 4003.5(a)(3) has no temporal limits and a consulting expert can be retained "in anticipation of litigation" if a third-party lawsuit has not yet been filed; and

   b) the protections of Rule 4003.5(a)(3) are available for a consulting expert whose work serves dual purposes?

3. Were the draft BakerRisk reports also protected from discovery under Pa.R.C.P. 4003.5(a)(4)?

4. Did the trial [judge] err as a matter of law and run afoul of Pa.R.C.P. 4003.3 based on her conclusion that BakerRisk was not retained in anticipation of litigation within the meaning of Pa.R.C.P. 4003.5(a)(3), since the report and drafts contain mental impressions, opinions and conclusions protected under Pa.R.C.P. 4003.3?

5. Is discovery of the Broadribb Report precluded for other compelling reasons, including those not reached in the first appeal or below, as:

a) protections afforded by the attorney-client privilege, work-product doctrine and Rule 4003.5 were not waived;

b) the December 6, 2019 [o]rder is fruit of the poisonous tree;[9]

c) JMI asserted all appropriate objections in discovery; and,

d) The [o]rder is unenforceable as it is directed solely to JMI over whom the trial court had no jurisdiction at the time of its entry?

Appellants' Brief, at 5-6.

When reviewing the propriety of a discovery order, this Court determines whether the trial court committed an abuse of discretion. *Rhodes v. USAA Cas. Ins. Co.*, 21 A.3d 1253, 1258 (Pa. Super. 2011). An "[a]buse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or ill-will." *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 984 (Pa. Super. 2005). "However, to the extent that we are faced with questions of law, our scope of review is plenary." *Gormley v. Edgar*, 995 A.2d 1197, 1202 (Pa. Super. 2010), citing *Berkeyheiser v. A–Plus Investigations, Inc.*, 936 A.2d 1117, 1125 (Pa. Super. 2007). Whether the trial court properly interpreted and applied Rule 4003.3 presents a question of law. *Barrick v. Holy Spirit Hosp. of the*

_____

[9] This doctrine applies in criminal matters. It is not applicable in a civil discovery matter.

***Sisters of Christian Charity***, 32 A.3d 800, 808 (Pa. Super. 2011). Further, a party invoking privilege must "initially set forth facts showing that the privilege has been properly invoked; then the burden shifts to the party seeking disclosure," who must set forth facts showing disclosure will not violate the privilege. ***Red Vision Sys., Inc. v. Nat'l Real Estate Info. Serv., L.P.***, 108 A.3d 54, 62 (Pa. Super. 2015).

We address Appellants' first two claims together. The purpose of the discovery rules is to "prevent surprise and unfairness and to allow a fair trial on the merits." ***Dominick v. Hanson***, 753 A.2d 824, 826 (Pa. Super. 2000), quoting ***Linker v. Churnetski Transp., Inc.***, 520 A.2d 502, 503 (Pa. Super. 1987) ("[A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]"). Pa.R.C.P. 4003.1.

Additionally, Rule 4003.3 provides, in pertinent part:

> [A] party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including by his or her attorney, consultant, surety, indemnitor, insurer or agent.

Pa.R.C.P. 4003.3. Pennsylvania Rule of Civil Procedure 4003.5(a)(3), relevant here, and by way of limitation, provides:

> **[A] party may not discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness**

> **at trial**, . . . except on order of court as to any other expert upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means[.]

Pa.R.C.P. 4003.5(a)(3) (emphasis added). **See Cooper v. Schoffstall**, 905 A.2d 482, 492 (Pa. 2006) ("Rule 4003.5 should be read to restrict the scope of all discovery from non-party witnesses retained as experts in trial preparation.").

After review of the Broadribb proposal, the testimony and four affidavits filed by Appellant's Assistant General Counsel, Amy Donohue-Babiak, the affidavit filed by Appellant's Environmental Health and Safety (EHS) Audit Manager, Mark Moncuso, and deposition testimony from Robert MacLeod, JMI's CEO, as well as the deposition testimony of various JMI employees, Judge Robins New made detailed findings and reached the following conclusions:

BakerRisk was not retained under privilege;[10]

_____

[10] The BakerRisk proposal set forth the scope of the work as follows:

Gather evidence, including interviews of witnesses and first responders, and review documents/records, photographs/videos, and any physical evidence.

Develop hypothetical scenarios.

Analyze evidence to prove/discount hypothetical scenarios.

Develop incident timeline for the proven scenario.

Identify causal factor(s) from the timeline.

- The documentary evidence and testimony of JMI's witnesses support the conclusion that BakerRisk was retained to investigate the causes of the accident to enable the company to implement operational changes to prevent further such accidents;[11]

- [Attorney] Donohue-Babiak's assertions in her affidavits stating litigation was always a factor in the decision to retain BakerRisk are unsupported in the record and conflicted with her in-court and deposition testimony, as well as the deposition testimony of other JMI witnesses;[12]

---

Conduct root cause analysis (including human factors) of each causal factor.

BakerRisk Proposal, 7/21/15.

[11] EHS Audit Manager Mark Moncuso stated that after the July 17, 2015 accident, he "assisted in **efforts that were intended, among other things, to collect all of the available information regarding how and why the accident occurred**." Affidavit of Mark Moncuso, 2/28/18, at ¶ 2 (emphasis added). At the July 18 meeting with Attorney Donohue-Babiak and others, the day after the accident, "it was discussed that an outside consultant would be retained to conduct an incident investigation, as it was important to have a second set of eyes (not influenced by Johnson Matthey's practices, policies or procedures) look at the accident and provide an unbiased evaluation." *Id.* at ¶ 5.

[12] In particular, Brett C. Cumbo, Production Engineer at Johnson Matthey, testified as follows:

> Q: Did you have an understanding on your own as to why this investigation was taking place?
>
> A: Yes.
>
> Q: And what was that understanding?
>
> A: **To determine what the root cause was and to prevent anything from happening again.**

Deposition of Brett C. Cumbo, 1/24/18, at 37 (emphasis added).

- The only document indicating BakerRisk was to be considered in anticipation of litigation was [Attorney] Donohue-Babiak's letter of November 2015, four months post-accident, after BakerRisk had already produced a draft, and shortly after Plaintiff's complaint was filed.[13]

- BakerRisk was retained to conduct an investigation for a business purpose, not in anticipation of litigation, and thus the report is discoverable under Pa.R.C.P. 4003.5.

Amended Memorandum Opinion, 12/19, at 8-9.

That Attorney Donohue-Babiak or Mancuso, *see* n. 11, *supra*, was aware of the potential for litigation from the start, as well as the regulatory

_____

Robert MacLeod, JMI's CEO, who was on-site the day of the accident, stated the accident was the subject of an in-house investigation "to understand what happened" and "we hired an external consultant [BakerRisk] as well to –from an independent view to look at, to make sure we hadn't missed anything." Deposition of Robert MacLeod, 11/15/18, at 66-67.

[13] The letter from Attorney Donohue-Babiak to BroadRibb is dated November 19, 2015, over four months after the accident. Although Attorney Donohue-Babiak states in the letter that she is "reiterating" the confidential nature of the JMI-BakerRisk relationship, this is the first indication in the timeline that this is in fact so.

The letter provides in part:

[G]iven Plaintiff's initiation of this action, we want to reiterate the confidential nature of our relationship and communications. Specifically, in addition to the confidentiality obligations set forth in the [non-disclosure agreement], the facts known and the opinions held by BakerRisk and any communications BakerRisk has had or will have with JM, any JM affiliates, their respective employee, JM's counsel or other JM consultants are protected from discovery, because BakerRisk has been retained in anticipation of litigation and to prepare for trial.

Letter to Michael P. Broadribb from Attorney Amy Donohue-Babiak, 11/19/15.

and workers compensation issues, does not preclude the report from being discoverable under our rules of court. Judge Robins New noted that this matter was "fact intensive[,]" and emphasized that Attorney Donohue-Babiak's four affidavits do not support the inference that BakerRisk was retained in anticipation of litigation. Instead, the court found her in-court testimony contradicted Appellants' position and characterized Attorney Donohue-Babiak's November 19, 2015 letter to BakerRisk, "reiterating" the confidential nature of the JMI-BakerRisk relationship, as a "post-hoc affirmation," that "appears no place else in the record." Amended Memorandum Opinion, *supra* at 10. *See* N.T. Motion for Protective Order Hearing, 2/21/18, at 141-44.

After our review, we agree. The testimony and documentary evidence pertaining to the retention of BakerRisk supports the court's finding that BakerRisk was not retained or specifically employed in anticipation of litigation. Rather, the evidence supports the conclusion that BakerRisk was retained for a business purpose, to investigate the "root causes" of the accident and enable the company to implement operational changes to prevent such accidents in the future. The fact that litigation was foreseen, in itself, does not preclude discovery. The BroadRibb Report, therefore, is discoverable. Pa.R.C.P. 4003.5(a)(3). The record supports the court's findings and conclusion. We find no abuse of discretion. *Rhodes*, *supra*.

In their next two issues, Appellants claim that the BakerRisk reports are protected from discovery under Rules 4003.5(a)(3) and (a)(4). Appellants are not entitled to relief on these claims.

Rule 4003.5(a) provides, in relevant part:

(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

> (3) A **party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial,** except a medical expert as provided in Rule 4010(b) or except on order of court as to any other expert upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate.

> (4) A party may not discover the communications between another party's attorney and any expert who is to be identified pursuant to subdivision (a)(1)(A) or from whom discovery is permitted under subdivision (a)(3) regardless of the form of the communications, except in circumstances that would warrant the disclosure of privileged communications under Pennsylvania law. This provision protects from discovery draft expert reports and any communications between another party's attorney and experts relating to such drafts.

Pa.R.C.P. 4003.5(a)(3), (4) (emphasis added). Subsection (a)(3) presumes a finding that the report was acquired or developed in anticipation of litigation. Based on our determination above, this claim is meritless. Further, with respect to subsection (a)(4), Broadribb was not identified as a testifying

expert.  Rule 4003.5(a)(4) protects only reports for testifying experts or non-testifying experts retained for litigation purposes.  This claim, too, is meritless.

Appellants' final claim of "other compelling reasons" is waived.  These arguments were neither raised on remand nor addressed by the trial court.  **See** Pa.R.A.P. 302(a).  Moreover, Appellants' attempt to invoke privilege is unavailing.  The facts did not establish the Broadribb Report was made in anticipation of litigation, and thus privilege was not properly invoked.  **See Red Vision Systems**, **supra** ("If the party asserting the privilege does not produce sufficient facts to show that the privilege was properly invoked, then the burden never shifts to the other party, and the communication is not protected under attorney-client privilege.").

Affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/17/2021*